IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

REGIONS BANK                                                                 PLAINTIFF

vs.                                                            CIVIL ACTION NO. 2:10CV146-KS-MTP

JAMES R. WADE, *pro se*, and
STACY BLACKWELL WADE                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment [Doc. # 10] (August 23, 2010) and memorandum in support [Doc # 11] filed on behalf of Regions Bank. The motion is unopposed. The Court, having reviewed the motion, the pleadings and exhibits on file and being otherwise fully advised in the premises, finds that the summary judgment motion should be **granted**.

On June 3, 2004, James R. Wade and Stacy Blackwell Wade executed a promissory note ("note") in favor of Regions bank in the original principal amount of $475,000.00 payable to Regions. The note bears interest at the rate of $14.2105 per diem. James R. Wade defaulted n the indebtedness to Regions bank and Regions Bank foreclosed the real property securing the indebtedness. the gross proceeds from the sale of the collateral was $250,000.00. The proceeds of the sale were applied to the note. As of May 10, 2010 the amount due Regions is $110,054.28 in principal, $14,907.22 in interest and $681.99 in late fees. Interest continues to accrue on the principal balance from and after May 10, 2010 at the rate of $14.2105 per diem. Pursuant to the terms of the loan documents and the note, Defendants are liable for reasonable costs and attorney's fees in connection with the collection of sums due under the Note. Defendants

1

request attorney's fees of $11,005.42, which is approximately 10% of the amount due to Regions. In support of its motion, Regions Bank has provided an affidavit from Theresa McDaniel, the Relationship Manager at Regions Bank verifying the outstanding principal, interest, and late fees due, an itemization of attorney's fees through the end of July 2010 totaling $3,614.38, and an affidavit from its attorney, William J. Little, Jr., opining that the requested attorney's fees are reasonable in light of the significant amount of time and expense in connection with collection of the indebtedness, which may involve a seizure and levy of assets of the Defendant by the Sheriff of Jones County, Mississippi, and may precipitate the filing of a Bankruptcy petition. Also before the Court is the promissory note referenced above and executed by both James Wade and Stacy Blackwell Wade.

Default judgment was entered against Stacy Blackwell Wade as she failed to answer the complaint. *See* Default Judgment [Doc. # 9] (August 20, 2010). James Wade, appearing *pro se*, responded to the complaint by serving Region's counsel with a letter stating that he was on disability and had no means of satisfying the judgment. He did not deny the Complaint's allegations that he owed the amount sought by Regions.

Summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2)*; see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice,* 393 F.3d 577, 589 (5th Cir 2004). Material facts are those that "could affect the outcome of the action." *Weeks*

*Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (internal citations omitted).  Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" on that issue.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ.*, 485 F.3d 325, 331 (5th Cir. 2007).  If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003).  The nonmovant is not entitled to merely rest on his pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

Regions Bank is entitled to summary judgment because it has shown that there is no dispute over any material fact.  It is undisputed that James Wade owes the balance on the promissory note, and is also responsible for interest, late fees, and attorney's fees and costs.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment [Doc. #10] filed on behalf of Plaintiff Regions Bank is hereby **granted.**  A separate judgment shall be entered herein in accordance with FED.R. CIV. P 58.

SO ORDERED AND ADJUDGED this the 27th  day of September, 2010.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE